MEMORANDUM*
*696 Under federal law, it is a false statement to claim to be married if the marriage is fraudulent, even if the marriage is otherwise valid under state or foreign law. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); see also United States v. Camper, 384 F.3d 1073, 1076 (9th Cir.2004) (a defendant has committed perjury if the “defendant understood [an ambiguous] question as the government did and, so understanding, answered falsely”). Lutwak’s holding is not limited to federal immigration offenses; the defendants in Lutwak were convicted of making false statements and conspiring to defraud the United States. 344 U.S. at 607, 73 S.Ct. 481.
There was ample evidence that Amin’s marriage to Rose Reyes, even assuming it was not void under the laws of the Commonwealth of the Northern Mariana Islands, was fraudulent and that Amin conspired with Reyes to fill out a passport application representing that they were married.
Therefore, Amin’s convictions for making a false statement in an application for a passport, 18 U.S.C. § 1542, subornation of perjury, 18 U.S.C. § 1622, and conspiracy to commit those offenses, 18 U.S.C. § 371, are proper. Even if certain of the jury instructions were erroneous, they were harmless.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *696 by 9th Cir. R. 36-3.